**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANTS;

**CASEY D. CLOYD**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN RE: THE GUARDIANSHIP OF R.B, and S.B., minor children, | ) ) ) |
| M.N. and D.N., | ) ) |
| Appellants-Petitioners, | ) ) |
| vs. | ) No. 32A04-1211-GU-583 |
| E.B., | ) ) ) |
| Appellee-Respondent. | ) |

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable Robert W. Freese, Judge
Cause No. 32D01-1203-GU-00023

**May 3, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issues

M.N. and D.N. ("Grandparents") appeal the denial of their request for permanent guardianship of S.B., raising two restated issues for our review: 1) whether the trial court erred by failing to make more detailed findings of fact in its order, and 2) whether the trial court abused its discretion by denying their request for guardianship. Concluding the trial court did not err in any respect, we affirm.

## Facts and Procedural History

E.B. ("Mother") has four children. S.B., her youngest, was born in 2009. Since 2009, Mother has lived in Indianapolis on numerous occasions but, at the time of the hearing, lived in Milwaukee, Wisconsin. Grandparents are Mother's parents. They first filed for guardianship of S.B. and her brother, R.B., in March of 2012.[1] Grandparents claimed they were entitled to emergency relief because Mother was unable to care for her children because she suffered from alcohol problems, was unemployed, and lived in a home without adequate utilities or food. Grandparents also claimed that S.B. had been living with them since her birth. The trial court denied their request twice. When the court made its second denial, it appointed a guardian ad litem (the "GAL") to review the case.

The GAL's final report indicated that Grandparents had contacted the Bureau of Milwaukee Child Welfare to report Mother's alleged abuse and neglect of her children at

---

[1] The request for guardianship of R.B. was denied based on the court's finding that it lacked jurisdiction over him. That finding is not at issue on appeal. Consequently, we limit our recitation of the facts to those related to S.B.

least three times in the past ten years.[2]  Each report ended with a finding that the allegations were unsubstantiated.  One report indicated that both children appeared well-groomed and well-dressed, that the house was habitable and stocked with food, and that while the home may have needed minor repair, it did not pose a threat to the safety of the children.  The GAL, however, was concerned because "Mother seems to struggle to make ends meet" and because Mother allowed S.B. to stay with Grandparents for prolonged periods of time.[3] Appellant's Confidential Appendix at 34.  Due to the bond between Grandparents and S.B., the GAL recommended granting Grandparents' request for guardianship.

The trial court eventually held a hearing on October 24, 2012, in which Mother, her roommate, the GAL, and D.N., the grandmother, testified.[4]  After the hearing, the trial court entered an order, stating, in pertinent part, the following:

> The request for permanent guardianship of [S.B.] is DENIED as the Petitioner's [sic] have not met the burden necessary to show Mother is not capable of providing for the health, safety, and welfare of [S.B.].  Child Protective Services has been called numerous times by the [Grandparents] and each time, after investigations, CPS did not substantiate a case or remove [S.B.] or [her brother].

Appellant's App. at 8.  Grandparents now appeal.  Additional facts will be provided as necessary.

## Discussion and Decision

### I.    Standard of Review

---

[2] In her report, the GAL indicated that she received and reviewed nearly one hundred and fifty pages of records relating to the reports and investigations conducted by the Bureau of Milwaukee Child Welfare.

[3] The extent of time S.B. lived with Grandparents is unclear.

All findings and orders in guardianship proceedings are within the trial court's discretion. Ind. Code § 29-3-2-4(a); see also E.N. ex rel. Nesbitt v. Rising Sun-Ohio Cnty. Cmty. Sch. Corp., 720 N.E.2d 447, 450 (Ind. Ct. App. 1999), trans. denied. Thus, we review those findings for an abuse of discretion. Nesbitt, 720 N.E.2d at 450. We will find an abuse of discretion only when the decision of the trial court is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. In re Guardianship of V.S.D., 660 N.E.2d 1064, 1066 (Ind. Ct. App. 1996).

## II.    Guardianship

Any person may petition the court for appointment as a guardian over a minor. See Ind. Code § 29-3-5-1(a). The court must find that "the appointment of a guardian is necessary as a means of providing care and supervision of the physical person or property of the . . . minor." Ind. Code § 29-3-5-3(a).

## A.  Trial Court Order

Grandparents argue that the trial court erred when it denied their request for permanent guardianship without entering specific findings of fact and conclusions of law. They argue that the trial court's brief order made it impossible for them to know whether the trial court applied the correct legal standard and whether the trial court considered all of the facts in making its determination.

Grandparents rely on the case of In re Guardianship of A.R.S., 816 N.E.2d 1160 (Ind. Ct. App. 2004). In that case, the natural parent petitioned to terminate the guardianship of

---

[4] Mother and her roommate testified from Milwaukee via telephone.

her children by their grandparents. The trial court denied her petition and entered an order stating the following: "It is ORDERED by the Court that the Petition to Terminate Guardianship filed herein is denied." Id. at 1162. This court noted that neither party requested findings and that the statute governing the termination of guardianships does not require specific factual findings. Id. However, the court reversed and remanded because "our supreme court has explicitly mandated trial courts to issue detailed and specific findings when a child is placed in the care and custody of a person other than a natural parent" and "[w]e see no reason not to extend this requirement of detailed findings to petitions to terminate guardianship." Id.

Grandparents' reliance on A.R.S. is misplaced. In A.R.S., the natural parent wanted her children returned to her but the trial court denied that request. Under Indiana law, there is an "important and strong presumption that the child's best interests are ordinarily served by placement in the custody of the natural parent." In re Guardianship of B.H., 770 N.E.2d 283, 287 (Ind. 2002). The child's best interest standard is implicit within the guardianship statute. Hinkley v. Chapman, 817 N.E.2d 1288, 1291 (Ind. Ct. App. 2004). The A.R.S. court noted that "[s]pecial findings are especially important in this context as a means of alerting parents of the reasons why their children are not being returned to their custody, thereby effectively putting the parents on notice as to what steps they must take before their children will be returned to them." 816 N.E.2d at 1162. Here, the presumption in favor of the natural parent supports the trial court's decision to deny Grandparents' request for permanent guardianship.

5

Thus, in the absence of a statutory requirement of specific findings of fact, there is no need for the court to impose such a requirement.

In addition, the trial court's order in this case is by no means as scarce as the one in A.R.S. was. In its order, the trial court concluded that Grandparents had not met their burden of proof in showing that Mother is not capable of providing for the health, safety, and welfare of S.B. The trial court found that Child Protective Services had been called numerous times, but had never substantiated a case or removed the children from Mother's care. Implicit in these findings is that Grandparents' allegations against Mother were not credible, and that Grandparents had not overcome the strong presumption that S.B.'s best interests are served by remaining with her natural parent. See Nesbitt, 720 N.E.2d at 452 (finding that a trial court's failure to include a special finding on necessity was not grounds for reversal because it was implicit in its evidentiary findings). Thus, the trial court's order is a sufficient basis for us to determine whether the court abused its discretion in finding that a guardianship was not necessary as a means of providing care and supervision for S.B.

## B. Abuse of Discretion

Grandparents argue that the trial court erred by denying their petition for guardianship over S.B. Grandparents based their petition on their allegations that Mother had alcohol problems and was unemployed and that her home was unlivable, and on the significant bonding between them and S.B. However, the trial court did not find their allegations against Mother to be credible. This leaves us with the bonding between Grandparents and S.B.

Grandparents point to the three factors which may rebut a presumption that it is in the child's best interests to be placed in the custody of the natural parent: (a) unfitness of the parent, "(b) long acquiescence, or (c) voluntary relinquishment such that the affections of the child and third party have become so interwoven that to sever them would seriously mar and endanger the future happiness of the child." Hendrickson v. Binkley, 161 Ind. App. 388, 393-94, 316 N.E.2d 376, 380 (1974), cert. denied, 423 U.S. 868 (1975), abrogated by In re B.H., 770 N.E.2d at 287. Grandparents claim that the trial court incorrectly focused on only the first of the three factors. In her report, the GAL had stated her opinion that the third factor had been satisfied in this case.

First, we note that there was evidence in the record that Mother did not voluntarily relinquish S.B. to Grandparents. During the hearing, she testified that, despite allowing S.B. to visit Grandparents, Grandparents have refused to return her. Also, Mother came to pick her children up from Grandparents' home in March of 2012, but had to seek the assistance of the Hendricks County Sheriff's Department to do so. And while the GAL's recommendation can be properly taken into account by the court, it is insufficient on its own to rebut the presumption in favor of Mother. See In re Guardianship of L.L., 745 N.E.2d 222, 232 (Ind. Ct. App. 2001) (finding custody evaluation insufficient to rebut presumption in favor of natural parent), trans. denied. Finally, and more importantly, our supreme court has specifically stated that a trial court is not restricted to the Hendrickson criteria. In re B.H., 770 N.E.2d at 287. Instead, the trial court must determine "whether the important and strong presumption that a child's interests are best served by placement with the natural parent is

clearly and convincingly overcome by evidence proving that the child's best interests are substantially and significantly served by placement with another person." Id. This determination falls within the trial court's discretion, and we give that judgment deference. See Hinkley, 817 N.E.2d at 1293. Here, the trial court found that Grandparents had not met their burden of proof in showing that Mother is not capable of providing for the health, safety, and welfare of S.B. Implicit in this finding is that Grandparents had not overcome the strong presumption that S.B.'s best interests are served by remaining with Mother. And while we do not minimize the strong emotional bond that has developed between Grandparents and S.B., a strong emotional bond between a child and a third person is only one factor to consider. In re. B.H., 770 N.E.2d at 287. Thus, the trial court did not err in refusing to find that "the appointment of a guardian is necessary" in this case. See Ind. Code § 29-3-5-3(a); see also Nesbitt, 720 N.E.2d at 452 (defining necessary as "[a]bsolutely essential" or "[n]eeded to achieve a certain result or effect"). There was no abuse of discretion when the trial court denied Grandparents' petition for permanent guardianship of S.B.

## Conclusion

The trial court's order, despite being brief, does not warrant reversal of this case. Further, the trial court did not abuse its discretion by denying Grandparents' request for guardianship over S.B. Thus, the trial court's order is affirmed.

Affirmed.

FRIEDLANDER, J., and CRONE, J., concur.

8